UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

FIFTH THIRD BANK                                                                                      PLAINTIFF

v.                                                                  CIVIL ACTION NO. 3:14-CV-00300-CRS

R. STEPHEN CANFIELD, ET AL.                                                                DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion for default judgment (DN 38) filed by Plaintiff Fifth Third Bank ("Plaintiff") against Defendants R. Stephen Canfield ("Canfield") and Penny Love ("Love") (collectively "Canfield and Love"). For the reasons set forth below, the Court will grant the motion for default judgment in part.

### BACKGROUND

For the purposes of this opinion, the following facts are taken as true. On April 19, 2006, Canfield executed and delivered to Fifth Third a promissory note in the maximum principal amount of $1,000,000, the proceeds of which were used for commercial business purposes. On February 18, 2009, in order to secure payment of all indebtedness incurred under the note as well as any past or future renewals, modifications, or amendments thereto, Canfield and Love executed and delivered to Fifth Third an "Open-End Mortgage and Security Agreement" (the "Mortgage") on certain real property owned by them. Among other things, the Mortgage provided that, upon default, Fifth Third may enforce its right to payment under the note by

remedies including, but not limited to, foreclosure of the Mortgage and sale of the property. On February 18, 2009, the Mortgage was recorded in the Office of the Jefferson County Clerk.

On April 5, 2012, Canfield defaulted on the note. On September 25, 2012, Fifth Third filed a complaint against Canfield and Love in this Court.[1] On November 8, 2013, we entered judgment (the "Prior Judgment") in favor of Fifth Third in the amount of $884,961.50, plus interest, attorney's fees, and costs. On November 22, 2013, Canfield and Love executed a Forbearance Agreement whereby Canfield agreed to make monthly payments on the loan to Fifth Third and pay the property taxes on the property before December 31 of each year such taxes were assessed. In exchange, Fifth Third agreed to forbear from execution on the Prior Judgment for so long as Canfield made the required payments. On December 22, 2013, Love executed a Consent Agreement assenting to the terms of the Forbearance Agreement.

Contrary to the Forbearance Agreement, Canfield failed to make the required monthly payments and pay the taxes assessed on the property. On March 5, 2014, Fifth Third sent correspondence to Canfield and Love advising them of the default and demanding payment of all amounts due by March 31, 2014. However, Canfield and Love never made the required payments. As of April 3, 2014, the total unpaid balance on the Mortgage was $928,607.28, consisting of $862,215.89 in principal, $66,282.42 in accrued interest, and $108.97 in late charges, plus additional interest, taxes, attorney fees, expenses, and collection costs.[2]

On April 9, 2014, Plaintiff filed the present action asserting the following causes of action:

1) request for a declaratory judgment declaring that:
    a. Canfield breached the Forbearance Agreement;

---

[1] This case was styled *Fifth Third Bank v. R. Stephen Canfield, et al.*, Case No.3:12-cv-603-CRS-DW (W.D. Ky.) (the "Prior Action").
[2] Pursuant to the terms of the Note, the Mortgage, and the Forbearance Agreement, Canfield is liable to Fifth Third for its attorney's fees, collection costs, and expenses.

    b. Fifth Third has been adjudged to be entitled to $884,961.50 plus additional amounts as set forth in the Prior Judgment;

    c. Pursuant to the Mortgage and other contractual rights, Fifth Third is now entitled to an order of sale for sale of the Real Property; and

  2)  foreclosure on the Mortgage.

(Complaint, DN 1, at ¶¶ 46–54). In addition, Plaintiff has requested compensation for its costs, expenses, and attorney's fees. (Complaint, DN 1, at 11). On June 10, 2014, Plaintiff moved for entry of default (DN 36) against Defendants Canfield and Love, which the clerk thereafter entered (DN 37). On June 17, 2014, Plaintiff filed the present motion for default judgment. (DN 38).

  Having considered the parties' briefs and being otherwise sufficiently advised, the Court will now address the motion for default judgment.

## STANDARD

  Once the clerk has entered default, the Court must accept all well-pleaded allegations in the complaint as true. *Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007) (noting that entry of default judgment "conclusively establishes every factual predicate of a claim for relief" (citing *Harmon v. CSX Transp.*, 110 F.3d 364, 368 (6th Cir. 1997))). Based on this factual predicate, the court must then "examine the sufficiency of plaintiff's allegations to determine whether the plaintiff is entitled to" a default judgment. *PNC Bank, N.A. v. Starlight Properties & Holdings, LLC*, No. 6:13-CV-408-ORL, 2014 WL 2574040, at *5 (M.D. Fla. June 9, 2014). However, while liability may be shown by well-pleaded allegations, the court is required to "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Osbeck v. Golfside Auto Sales, Inc.*, No. 07–14004, 2010 WL 2572713 at *5 (E.D. Mich. Jun. 23, 2010). Accordingly, "the party moving for a default judgment must present some evidence of its

damages." *Mill's Pride, L.P. v. W.D. Miller Enterprises, LLC*, No. 2:07–cv–990, 2010 WL 987167, at *1 (S.D. Ohio Mar. 12, 2010).

## DISCUSSION

The sole issue presented by the motion for default judgment is whether Plaintiff has carried its burden of proving its entitlement to the relief demanded in the Complaint.[3] For the reasons set forth below, we conclude that Plaintiff has adequately established its entitlement to a default judgment with respect to its request for a declaratory judgment and foreclosure, but not with respect to its request for costs, attorney's fees, and expenses.

Plaintiff first requests a declaratory judgment declaring that:

a. Canfield breached the Forbearance Agreement;
b. Fifth Third has been adjudged to be entitled to $884,961.50 plus additional amounts as set forth in the Prior Judgment;
c. pursuant to the Mortgage and other contractual rights, Fifth Third is now entitled to an order of sale for sale of the Real Property.

Because the facts alleged in Plaintiff's Complaint—which we must accept as true—clearly establish its entitlement to each of the above-listed declarations, the Court will grant the motion for default judgment with respect to Plaintiff's request for a declaratory judgment.

Plaintiff next requests compensation for its costs, expenses, and attorney's fees. According to the Complaint, Canfield is liable for these expenses pursuant to the note, the Mortgage, and the Forbearance Agreement. As explained above, "the party moving for a default judgment must present some evidence of its damages." *Mill's Pride, L.P. v. W.D. Miller Enterprises, LLC*, No. 2:07–cv–990, 2010 WL 987167, at *1 (S.D. Ohio Mar. 12, 2010). Having not yet received any documentary or other proof demonstrating the amount of Plaintiff's costs,

---

[3] Although Count 2 of Plaintiff's Complaint requests foreclosure on the Mortgage, the Court will not address whether default judgment is appropriate on Plaintiff's request for foreclosure because the tendered order (DN 38-2) does not indicate that Plaintiff seeks default judgment with respect to its request for foreclosure.

4

expenses, and attorney's fees, the Court will deny without prejudice the motion for default judgment with respect to Plaintiff's request for costs, expenses, and attorney's fees.

Accordingly, it is hereby **ORDERED** that the motion for default judgment (DN 38) filed by Plaintiff Fifth Third Bank is **GRANTED IN PART**.

There being no just reason for delay in its entry, this is a final order. A separate judgment will be entered in accordance with this opinion and order.

**IT IS SO ORDERED.**

Charles R. Simpson III, Senior Judge
United States District Court

August 5, 2014